UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BETSY FREUDENTHAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRASH CHAMPIONS, LLC, an Illinois limited liability company,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

**TO:** **Clerk of the Court;**

**AND TO:** **Betsy Freudenthal, Plaintiff;**

**AND TO:** **Douglas Han, Shunt Tatavos-Gharajeh, and Winthrop Hubbard, JUSTICE LAW CORPORATION, Plaintiff's attorneys of record**

PLEASE TAKE NOTICE that Defendant CRASH CHAMPIOINS, LLC ("Defendant"), by this Notice, hereby removes the state action described below from the Superior Court of the State of Washington in and for the County of Snohomish to the United States District Court for the Western District of Washington. This removal is based upon the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and is timely under 28 U.S.C. § 1446.

/ / /

/ / /



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

In support of its Notice of Removal, Defendant asserts the following:

**PLEADINGS**

1. On January 15, 2026, Plaintiff Betsy Freudenthal ("Plaintiff") initiated a civil action in Snohomish County Superior Court by filing a copy of the Summons and Class Action Complaint for Damages with that Court. The Complaint set forth eight causes of action against Defendant: (1) Failure to Provide Rest Breaks in violation of RCW 49.12.020 & WAC 296-126-092; (2) Failure to Provide Meal Breaks in violation of RCW 49.12.020 & WAC 296-126-092; (3) Failure to Pay Overtime Wages in violation of RCW 49.46.130; (4) Payment of Wages Less than Entitled in violation of RCW 49.46.090; (5) Failure to Accrue and Allow Use of Paid Sick Leave in violation of RCW 49.46.210 & WAC 296-128-620; (6) Unlawful Deductions and Rebates in violation of RCW 49.52.060 & WAC 296-126-028, with double-damages remedy under RCW 49.52.070; (7) Failure to Pay All Wages Due at Termination in violation of RCW 49.48.010; and (8) Willful Refusal to Pay Wages in violation of RCW 49.52.050, triggering double-damages under RCW 49.52.070. The Complaint is styled as a class action and asserts allegations on behalf of a putative class under Washington Civil Rule 23. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit ("Ex.") 1**. A true and correct copy of the Summons is attached as **Ex. 2**. A true and correct copy of the Civil Case Information Cover Sheet is attached as **Ex. 3**.

2. A true and correct copy of Defense Counsel's Notice of Appearance is attached as **Ex. 4**.

3. On January 21, 2026, Defendant's registered agent, CT Corporation System, was served with a copy of the Summons and Complaint. A true and correct copy of the Service of Process is attached as **Ex. 5**.

4. By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendant has received in the state court proceeding, case number 26-2-00525-31.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

5. Crash Champions, LLC, the only named Defendant, is represented by the undersigned counsel, and consents to removal.

**TIMELINESS OF REMOVAL**

6. The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

7. As stated in the prior section, on January 21, 2026, Defendant's registered agent, CT Corporation System, was served with a copy of the Summons and Complaint. Accordingly, this Notice of Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b) and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

**CAFA JURISDICTION**

8. This Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

9. Class Action Filed under State Law. Plaintiff initiated a civil action in Snohomish County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Complaint, ¶¶ 4.1–4.7.

10. Putative Class Size. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." In her Complaint, Plaintiff defines the putative class: "All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action." Compl. ¶ 4.1. Defendant states based on its records that there were approximately 796 hourly-paid or non-exempt employees in the State of Washington during the relevant time period (January 15, 2023 through February 13, 2026). (Declaration of Rebeca Lares ¶ 5). Thus, the size of the putative class exceeds 100 individuals, as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

11. Minimum Diversity. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

12. Citizenship of Plaintiff. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that she is a resident of Washington. Compl. ¶ 3.1; *see also* Lares Decl. ¶ 4. Thus, Plaintiff is domiciled in Washington and is a citizen of Washington.

13. Citizenship of Defendant. At the time this action was commenced, and at the time of removal, Defendant was not, and is not, a citizen of Washington.

14. For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id.* at 93, which is the corporation's "nerve center." *Id.* at 81. "[I]n practice [this] should normally be the place where



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

the corporation maintains its headquarters." *Id.* at 93.

15. Defendant is incorporated in Illinois, and maintains its corporate headquarters and principal place of business in Westmont, Illinois. (Lares Decl., ¶ 3).

16. Accordingly, for purposes of diversity of citizenship, Defendant is a citizen of Illinois, and not a citizen of Washington. *Johnson*, 437 F.3d at 899.

17. Consequently, there is complete diversity of citizenship between Plaintiff and Defendant because Plaintiff and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

18. Diversity Exclusions. There are certain situations where a district court is permitted or required to decline to exercise jurisdiction under CAFA. In all such situations enumerated in the statute, one or more of the defendants are citizens of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B). As discussed above, Defendant in this action is not a citizen of Washington.

19. Governmental Exclusion. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." As discussed above, Defendant is a company, not a state, state official, or other governmental entity exempt from CAFA.

20. Amount in Controversy. For purposes of removal, the amount in controversy exceeds $5,000,000, as set forth below.

**AMOUNT IN CONTROVERSY**

21. The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Complaint does not state a specific amount of damages. The facts alleged below, in combination with the allegations of the Complaint, establish by a preponderance of the evidence that the amount in



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

controversy exceeds the jurisdictional amount. *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007) (where the complaint does not state the amount of damages claimed, the removing defendant may establish the amount in controversy for CAFA jurisdiction by a preponderance of the evidence). The amount in controversy is based on the claims asserted, without reference to defenses to the claims. *Smithers v. Smith*, 204 U.S. 632, 642 (1907); *Schunk v. Moline, Milburn & Stoddart Co.*, 147 U.S. 500, 505 (1893); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").[1]

22. **Failure to Provide Rest Breaks (First Claim for Relief)**. Plaintiff alleges that the Putative Employee Class was not paid for missed rest breaks. Compl. ¶¶ 6.1–6.10. Using an estimate of one missed rest period per workweek and the same average hourly rate of $26.84, the amount in controversy for the missed rest periods totals **$267,273.87** (59,629 workweeks * 0.167 hour per workweek * $26.84).

23. **Failure to Provide Meal Breaks (Second Claim for Relief)**. Plaintiff alleges that the Putative Employee Class was not paid for missed rest breaks. Compl. ¶¶ 7.1–7.10. Using an estimate of one missed meal break per workweek and the same average hourly rate of $26.84, the amount in controversy for the missed meal break claim totals **$800,221.18** (59,629 workweeks * 0.5 hour per workweek * $26.84).

[1] Defendant denies that this action is appropriate to be certified or maintained as a class action, denies the substance of Plaintiff's claims, and denies that it committed any illegal acts or practices that would entitle Plaintiff, or the putative class he seeks to represent, to recover any damages.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

24. **Overtime Wages Claim (Third Claim for Relief)**. Plaintiff also alleges that, as a result of the meal and rest period and off-the-clock claims, the putative class members engaged in work in excess of 40 hours per week for which they are entitled to recover pay at one-and-a-half times their hourly rate of compensation. Compl. ¶¶ 8.1–8.4. Using an estimate of one half hour of unpaid overtime premiums per workweek at the average hourly rate of pay for the Putative Class of $26.84, the amount in controversy for the unpaid overtime wage claim totals **$400,110.59** (59,629 workweeks * 0.5 hour per workweek * $26.84 * 0.5 overtime premium).

25. **Wages Less than Entitled Claim (Fourth Claim for Relief)**. Plaintiff also alleges that the putative class members have not been paid all wages to which they are entitled. Compl. ¶¶ 9.1–9.4. Specifically, Plaintiff alleges that Defendant required her and the putative class members to perform off-the-clock work tasks. *Id.* at ¶¶ 5.15–18, 9.3. Using an estimate of 30 minute off-the-clock work per workweek and the average hourly rate for the Putative Employee Class of approximately $26.84, the amount in controversy for the off-the-clock claim totals **$800,221.18** (59,629 workweeks * 0.5 hour per workweek * $26.84).

26. **Willful Refusal to Pay Wages (Eighth Claim for Relief)**. Plaintiff also seeks double damages under RCW §§ 49.52.050 and 49.52.070 for Defendant's alleged willful act to deprive Plaintiff and the putative class of regular and/or overtime wages. Compl. ¶¶ 13.1–13.5. This claim is derivative of the other claims. The amount in controversy calculated for the first and second claim (meal ($800,221.18) and rest periods ($267,273.87)) is **$1,067,495.05**. The amount in controversy calculated for the third claim (overtime) is **$400,110.59**. The amount in controversy calculated for the fourth claim (off-the-clock) is **$800,221.18**. Thus, the amount in controversy for the double damages claim is **$2,267,826.82**.

27. In other words, the amount in controversy calculated for claims in Plaintiff's Complaint that can be estimated is **$4,535,653.64** ($267,273.87 + $800,221.18 + $400,110.59 + $800,221.18 + $2,267,826.82).

28. Plaintiff also asserts claims for Failure to Accrue and Allow Use of Paid Sick



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

Leave, Unlawful Deductions and Rebates, and Failure to Pay All Wages Due at Termination, but provides insufficient information to estimate damages for these causes of action.

29. The Putative Employee Class. Plaintiff seeks damages on behalf of a putative class of hourly non-exempt employees in Washington. Plaintiff alleges that the relevant statute of limitations period on these claims is three years. For purposes of removal only, based on a preliminary review of Defendant's records, the putative class of approximately 796 non-exempt employees 59,629 workweeks between January 15, 2023 (three years before the date the Complaint was filed) and February 13, 2026 (Lares Decl., ¶ 5).

30. Attorneys' Fees. Plaintiff also seeks attorneys' fees and costs. Complaint, ¶¶ 6.10, 7.10, 8.4, 9.4, 10.5, 11.5, 12.4, 13.5, and Prayer for Relief ¶ F. It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Further, a reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-95 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias*, 936 F.3d at 927-28 (reaffirming *Fritsch*).

31. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

32. The estimated amount in controversy calculated above is **$4,535,653.64**. Taking into account attorneys' fees at the benchmark percentage of 25 percent increases the amount in



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

controversy by **$1,133,913.41** for a total amount in controversy of **$5,669,567.05**.

33. Accordingly, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

## VENUE

Venue is proper (for purposes of removal) in the Western District of Washington. Venue is proper (for purposes of removal) in this District because this is the court for the district encompassing the place where this action is currently pending. 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND STATE COURT

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the Snohomish County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

## RESERVATION OF RIGHTS

In the event this Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand.

Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses to class certification, defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

/ /

/ /



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET
SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

WHEREFORE, Defendant respectfully requests that this action now pending in the Snohomish County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington.

Dated: February 20, 2026

*/s/ Breanne Sheetz Martell*
Breanne Sheetz Martell, WSBA #39632
bsmartell@littler.com

*/s/ Gray Jeong*
Gray Jeong, WSBA #61858
gjeong@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

Attorneys for Defendant
CRASH CHAMPIONS, LLC

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, Washington 98101. I hereby certify that on February 20, 2026 I electronically filed the foregoing document titled **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

**Attorneys for Plaintiff**
Douglas Han, WSBA #59429
Shunt Tatavos-Gharajeh, WSBA #59424
Winthrop Hubbard, WSBA #56458
JUSTICE LAW CORPORATION
751 North Fair Oaks Avenue, Suite 101
Pasadena, CA 91103
dhan@justicelawcorp.com
statavos@justicelawcorp.com
whubbard@justicelawcorp.com

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct.

Executed on February 20, 2026, at Seattle, Washington.

*/s/ Katie Strobel*
Katie Strobel, Attorney Practice Coordinator
kstrobel@littler.com
**LITTLER MENDELSON, P.C.**

4905-4826-8171.5 / 109995.1168